UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID CHENYAO** ) | Civil Action No. 05-4307 |
| *Plaintiff,* ) | |
| *pro se,* ) | |
| ) | |
| v. ) | Hon. Jose L. Linares |
| ) | U.S.D.J. |
| **INTERNAL REVENUE SERVICE,** ) | |
| ) | REPORT AND |
| ) | RECOMMENDATION |
| *Defendant.* ) | |
| ) | |

## INTRODUCTION

This matter comes before me on the motion of defendant Internal Revenue Service ("IRS") to dismiss the Complaint for lack of personal and subject matter jurisdiction, failure to exhaust administrative remedies, failure to state a claim, expiration of statute of limitation and sovereign immunity. The motion was referred to me by Judge Linares. I have considered the papers submitted in support of and in opposition to the motion. There was no oral argument. Rule 78.

## BACKGROUND

*Pro se* plaintiff Chenyao alleges that his income for 1998 and 1999 was improperly taxed by the United States. Chenyao alleges that as, a resident alien and a holder of a "green card," he is exempt from full payment or payment on certain income under a savings clause of the US-China Tax Treaty. Chenyao states that he filed his 1998 and 1999 tax returns and paid the amount requested by the IRS, including any interest accrued. He filed a claim with the IRS for overpayment of the 1998 income tax, which was denied on October 24, 2002. The letter states:

"You do not qualify for tax-exempt status pursuant to Article 20 of the US-China Treaty."

On December 8, 2004, the IRS wrote to Chenyao confirming an agreement reached concerning his claim for overpayment for 1999 and request to file joint returns with his wife Xiaoling Chen. Chenyao and Chen filed a second claim regarding their 1999 refund on February 20, 2006, which was denied on March 29, 2006, due to the expiration of the three-year limitations period.

The IRS now concedes that Chenyao presented enough evidence of his exhaustion of administrative appeals and waiver of sovereign immunity. However, it maintains that the Complaint fails to assert jurisdiction under 28 U.S.C. §7422 and thus is barred pursuant to 26 U.S.C. §§ 6511 and 6532(a). The IRS argues that Chenyao's claims should be dismissed with prejudice as to the 1998 tax overpayment and without prejudice as to 1999. Moreover, the IRS states that Chenyao alone has no standing to file this action as the 1999 tax return was filed jointly with Chen. In his Third Memorandum in support of his objections to the motion to dismiss, Chenyao states that the IRS agreed to allow him to amend his Complaint to add Chen as a party plaintiff.

## DISCUSSION

Rule12(b)(1) allows a court to dismiss a complaint for lack of subject matter jurisdiction. When jurisdiction is challenged, the burden of proof rests on the party asserting it. Tobin v. United States, 170 F. Supp. 2d 472, 476 (D.N.J. 2001). The court must first determine whether the motion is a facial attack on the complaint or an attack on the facts. Carpet Group Int'l v. Oriental Rug Imp. Ass'n, 227 F. 3d 62, 69 (3d Cir. 2000). When a court addresses a facial attack on a complaint it must, as with a 12(b)(6) motion, accept all allegations as true and then only

answer the legal question. However, when a complaint is attacked on the existence of subject matter jurisdiction in fact, the court is not obligated to only look at the face of the complaint, but, instead, may consider matters outside the pleadings. Mortensen v. First Federal Savings & Loan Association, 549 F.2d 884, 891 (3d Cir. 1977).

**I.     The 1998 Overpayment Claim**

The IRS correctly cites Section 6532 as a Notice of Disallowance for Chenyao's claim for refund of 1998 taxes was sent via certified mail on October 24, 2002. (Plaintiff's Opposition to Motion to Dismiss, attachment 4). This gave plaintiff adequate notice: "The second statute of limitations is found in 26 U.S.C. § 6532 (a)(4), which does not permit a suit in a federal district or claims court for recovery of any internal revenue tax, penalty, or other sum after the expiration of two years from the date of mailing to the taxpayer by certified mail of the notice of disallowance regarding the subject of the suit. Further, Section 6532 (a)(4) provides that reconsideration of a claim following a notice of disallowance 'shall not operate to extend the period within which suit may be begun.'" Fellouzis v. United States, 1994 WL 782232, *2 (M.D.Fla. 1994); see Finkelstein v. United States, 943 F. Supp. 425, 432 (D.N.J. 1996). There is no equitable tolling exception to this requirement. Starkey v. United States, 635 F. Supp. 1007, 1009 (W.D. Ark. 1986). Moreover, " Section 6532 includes no implied equitable statute of limitations exceptions." Pacetti v. United States, 50 Fed. Cl. 239, 249 (Ct. Cl. 2001). The only exception to this statute of limitations is contained in Section 6532 (a)(2), which only provides an extension of the two-year period  if there is a written agreement between the taxpayer and the IRS.

Chenyao's 1998 overpayment dispute with the IRS was administratively resolved on

October 24, 2002.  The Complaint was filed on September 1, 2005, approximately 11 months after the limitation period has expired.  Because no written agreement between the IRS and Chenyao allowing for extension of the limitation period was executed, his 1998 overpayment claim is barred.

## II.     The 1999 Overpayment Claim

In the Second Reply Memorandum, the IRS admits that this Court would have jurisdiction if Chenyao's wife was added as a party.  "A plain reading of 28 U.S.C. § 1346(a)(1) ... Although the statute is silent as to who can bring the action, implicit in its language is that one against whom the tax was erroneously assessed or collected has standing to do so."  Martin v. United States, 895 F.2d 992, 994 (4th Cir. 1990).  Chenyao has agreed to add his wife as a plaintiff and "a charitable leniency should be extended to the pleadings of pro se litigants." Young v. United States, 60 Fed. Cl. 418, 426 (Ct. Cl. 2004).  Thus, the IRS should apportion any refund as, "it has been held that the government cannot credit the entire amount of an overassessment on a joint return to the husband's individual liability if it can be shown that the wife contributed to the overpayment."  United States v. Mooney, 400 F. Supp. 98, 99 (D. Tex. 1975).  The IRS does not contest the amendment to add Chen as a plaintiff.  I will allow the amendment.

Because Chen is now a party and because sufficient evidence was presented to show that all available administrative remedies have been exhausted, the personal and subject matter jurisdiction requirements have been satisfied.

I will now address the IRS' argument that the matter should be dismissed for failure to state a claim.  Chenyao's overpayment claim stems from his resident alien status.  The

regulations are clear and have been explained to Chenyao and his wife.  In a letter dated May 8, 2001, the IRS wrote: "We are unable to change our determination because once a 'green card is issued to an alien, the treaty benefits are no longer available to the resident alien." Chenyao and Chen disagree with the regulation itself.  In a letter dated February 23, 2006, they wrote to the IRS, stating: "We do not agree with 'once a 'green card' is issued to an alien, the treaty benefits are no longer available to the resident alien.'"  Plaintiffs fail to state any basis for an exemption other than the alien resident status.  The IRS regulations provide that this status alone does not exempt plaintiffs from payment of their income tax.  Accordingly, the assessed taxes for 1999 are valid.

Interest on unpaid taxes "shall be assessed, collected, and paid in the same manner as taxes."  The E.W. Scripps Co. & Subsidiary v. United States, 420 F.3d 589, 595 (6th Cir. 2004).  Chenyao states that the amount was in excess of that permissible by the regulations since he was charged for 32 months of interest rather than 18.  Chenyao does not provide any legal support to the suggested limitation on the period in which interest may accrue.  On the issue of interest on unpaid taxes, 26 U.S.C. § 6601 controls.  Section 6601 states:

> General rule.– If any amount of tax imposed ... is not paid on or before the last date prescribed for payment, interest on such payment at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid.

Because Section 6601 does not provide for a limitation period on the accrual of interest, Chenyao's claim for overpayment of interest lacks legal merit.

## **CONCLUSION**

For the reasons set forth above, I recommend that defendant's motion be dismissed be

GRANTED and Plaintiffs' Complaint be DISMISSED with PREJUDICE.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have ten (10) days from receipt of this Report and Recommendation to file and serve objections.

s/ Ronald J. Hedges<br>
United States Magistrate Judge

cc: Hon. Jose L. Linares, U.S.D.J.