**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

NOT FOR PUBLICATION

## LETTER-OPINION AND ORDER

June 19, 2006

David Chenyao & Xiaoling Chen
30 Newport Parkway
Apt. 2906
Jersey City, NJ 07310

Gregory S. Hrebiniak
Tax Division CTS Eastern
P.O. Box 227
Washington, DC 20044

    Re:    **Chenyao v. Internal Revenue Service**
              **Civil Action No.: 05-4307 (JLL)**

Dear Mr. Chenyao, Ms. Chen and Counsel:

    This matter comes before the Court on the objection of Plaintiffs[1] David Chenyao ("Chenyao") and Xiaoling Chen ("Chen") to the May 4, 2006 Report and Recommendation (the "Report and Recommendation") of United States Magistrate Judge Ronald J. Hedges regarding Defendant Internal Revenue Service's (the "IRS") motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12. The Court has considered the submissions of the parties. This motion is resolved with oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, the Court ADOPTS the Report and Recommendation in part to the extent that it dismisses Plaintiffs' claims related to taxes filed in tax year 1998 and REJECTS the Report and

---

    [1]At some point along the continuum of this litigation, it was brought to the Court's attention that Plaintiff Chenyao may be without standing to bring this action for failure to name his wife in this suit. In the Report and Recommendation, Judge Hedges allowed for amendment of the Complaint to add Xiaoling Chen as a Plaintiff in this action. Neither party has objected to this recommendation and therefore, this Court hereby ADOPTS the recommendation that Xiaoling Chen be added as a party in this action. For the sake of clarity, the Court will hereby refer to Chenyao and Chen collectively, as "Plaintiffs."

1

Recommendation in part to the extent that it dismisses Plaintiffs' claims related to tax year 1999 with prejudice.

## BACKGROUND

Plaintiffs, appearing pro se, filed the instant Complaint on September 1, 2005 seeking a refund of taxes paid in the years 1998 and 1999 and seeking a refund of interest paid for tax years 1998 and 1999. Plaintiffs have named the IRS as the sole defendant in this action.[2] Plaintiffs allege that their initial filings in 1998 and 1999 were correct because their receipt of green cards affected their taxpayer status, a change which was not taken into consideration by the IRS in its assessment of taxes owed for those years.

The record with respect to Plaintiffs' 1998 tax return is very sparse. However, the record does contain a letter from an IRS Appeals Office, dated October 24, 2002, which appears to deny a claim for an adjustment to taxes paid by Plaintiffs in 1998.

With respect to the year 1999, from the record it appears that Plaintiffs filed a 1999 income tax return on June 15, 2000. The return reflected $225,569 in personal services income. Plaintiffs received a refund of $17,443.44. The IRS audited Plaintiffs and assessed a proposed tax deficiency of $66,000. Plaintiffs made two deposits which equaled this amount. On February 14, 2005, the final deficiency was calculated in the amount of $55,124.86, a figure which included a tax deficiency of $45,823 and an interest deficiency of $9,301.86. The IRS alleges that it then refunded the balance of the $66,000 paid by Plaintiffs, with interest.

Defendant moved to dismiss the Complaint without prejudice on November 22, 2005 for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and insufficiency of process pursuant to Fed. R. Civ. P. 12(b)(4). Defendant also moved to dismiss on the grounds that Plaintiffs have not exhausted their administrative remedies.

This Court referred Defendant's motion to dismiss to Magistrate Judge Ronald J. Hedges. By Report and Recommendation dated May 4, 2006, Judge Hedges recommended that Defendant's motion to dismiss with respect to Plaintiffs' 1998 tax return be granted since Plaintiffs' claim is barred by the applicable statute of limitations. (Report and Recommendation at 4). Judge Hedges recommended that Defendant's motion with respect to Plaintiffs' 1999 tax

---

[2]Plaintiff's Complaint names the Internal Revenue Service as the sole defendant. However, pursuant to 26 U.S.C. § 7422(f)(1), a refund suit may only be brought against the United States. Accordingly, the proper defendant in this case appears to be the United States of America. Since Plaintiffs are proceeding pro se, and as such their Complaint is entitled to a liberal construction, this Court finds that Plaintiffs' Complaint actually intended to name the United States of America as the Defendant in this matter. Plaintiffs shall add the United States of America as a Defendant in this matter.

return be granted for failure to state a claim. (Report and Recommendation at 4-5). Judge Hedges recommended that Plaintiffs' Complaint be dismissed with prejudice. (Report and Recommendation at 6).

## DISCUSSION

A.    **Standard of Review**

When a magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the [magistrate judge]. The judge may also receive further evidence or recommit the matter to the [magistrate judge] with instructions." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. United Steelworkers of Am. v. N. J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987).

The standard of review of a magistrate judge's determination depends upon whether the motion is dispositive or non-dispositive. With respect to dispositive motions, the district court must make a de novo determination of those portions of the magistrate judge's Report to which a litigant has filed an objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(2); see also State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002); Zinberg v. Washington Bancorp, Inc., 138 F.R.D. 397, 401 (D.N.J. 1990) (concluding that the court makes a de novo review of the parts of the report to which the parties object).

B.    **1998 Tax & Interest Refund Claims**

Magistrate Judge Hedges determined that the statute of limitations had run with respect to Plaintiffs' claim for a refund with respect to taxes assessed and paid for the year 1998. As such, Judge Hedges recommended dismissal of these claims as outside the two year statute of limitations. Although Plaintiffs have filed objections to the Report and Recommendation, Plaintiffs do not object to Judge Hedges' determination regarding their 1998 tax return. Rather, Plaintiffs state an objection to the Report and Recommendation on two separate grounds: "(1) Interest on 1999 Tax and (2) 1999 tax." (Pl. Obj. at 1). Since Plaintiffs have not objected to the recommendation of Judge Hedges regarding taxes and interest for tax year 1998, this Court hereby ADOPTS the recommendation of Judge Hedges in the Report and Recommendation dismissing Plaintiffs' claims alleged with respect to 1998 Taxes. Such claims are hereby DISMISSED with prejudice.[3]

---

[3]The Court notes that the Report and Recommendation does not contain separate analyses of Plaintiffs' claim for taxes paid and Plaintiffs' claim for interest paid in 1998. However, this

**C.**     **1999 Tax & Interest Refund Claims**

Since Plaintiffs did not object to the portion of the Report and Recommendation pertaining to their 1998 tax return, the Court will proceed only with an analysis of Plaintiffs' claim that relates to taxes paid for the year 1999 (the "tax refund claim") and the claim that relates to interest paid for the year 1999 (the "interest refund claim").

In the Report and Recommendation, Judge Hedges determined that Plaintiffs had failed to state a claim with respect to alleged overpayment of taxes in 1999 and dismissed such claim from the Complaint. Judge Hedges concluded that Plaintiffs had failed to state any basis for exemption from the payment of taxes and thus Plaintiffs' claim lacked legal merit.[4] Plaintiffs object to Magistrate Judge Hedges' recommendation granting Defendant's motion to dismiss Plaintiffs' claims relating to the 1999 tax year. Therefore, this Court will examine the present motion under a de novo standard of review and will conduct separate analyses of Plaintiffs' tax refund and interest refund claims. In conducting this review, the Court "owes no deference to the Magistrate Judge's findings and conclusions." Taberer v. Armstrong World Indus., Inc., 954 F.2d 888, 904 (3d Cir. 1992).

Defendant moves to dismiss the Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to effectuate service pursuant to Fed. R. Civ. P. 12(b)(4). Defendant also moves to dismiss based on Plaintiffs' alleged failure to exhaust their administrative remedies. Initially, Defendant sought only to have the Court dismiss the Complaint without prejudice.

Defendant argues that the Court does not have jurisdiction over Plaintiffs' tax refund claim since Plaintiffs have not yet properly filed the proper administrative claim with the IRS. (Def. Br. Mot. to Dismiss at 3). Defendants contend that such claim must be filed within two years of the payment of the tax pursuant to 26 U.S.C. § 6511(a) before Plaintiffs may bring an action in this Court. 26 U.S.C. § 7422(a). As such, Defendant argues that Plaintiffs' Complaint fails to set forth a basis for this Court's jurisdiction (Def. Br. Mot. to Dismiss at 3). Defendant also sets forth an additional basis for dismissal for Plaintiffs' failure to serve the complaint and summons upon the United States, the proper defendant in this action.

Plaintiffs contend that a claim for the refund of taxes paid was submitted on June 28, 2004 and denied on December 8, 2004. (Pl. Br. Opp'n at 1). However, the documents submitted to the Court in support of this contention do not reflect such a submission and denial. The

---

Court determines that the record nevertheless remains deficient with respect to the statute of limitations issue for Plaintiffs' interest-based and tax-based claims. Accordingly, the Court does not deem it necessary to conduct a separate analysis of that issue here.

[4]The Court notes that the Report and Recommendation does not appear to separately address Plaintiffs' claim for refund of *interest* assessed and paid for 1999.

document purported to constitute an administrative refund claim for Plaintiffs' 1999 Taxes only consists of one of three apparent total pages, and does not mention the term "refund" at any point. Further, the document which Plaintiffs purport to constitute a denial of such claim is merely a letter from the IRS to Plaintiff dated December 8, 2004 which states the following:

> The *agreement we reached has been approved* and we will complete our processing of your case. We will adjust your account and figure the interest. If you haven't paid the full amount due, the IRS Center will send a bill for any additional amount you owe. If you are due a refund, the IRS Center will mail it to you.

(Attach. 6 to Pl. Br. Opp'n) (emphasis added). Such letter pertains to the tax period for 1999, but does not reflect, nor mention a denial of Plaintiffs' purported June 28, 2004 appeal, nor Plaintiffs' tax refund claim. As Defendant correctly points out, there is no such evidence of an applicable denial in the record nor clear evidence that an administrative claim was properly filed. Defendant thus requests the Court to dismiss Plaintiffs' claim for a refund with respect to taxes assessed for 1999 without prejudice since there is no record of a claim having been filed and/or denied.

It is well settled that "[j]urisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity ... together with a claim falling within the terms of the waiver." U.S. v. White Mountain Apache Tribe, 537 U.S. 465 at 472 (2003) (citing United States v. Mitchell, 445 U.S. 535, 538-539 (1980); United States v. Mitchell, 463 U.S. 206, 216-217 (1983)). "A waiver must be expressed unequivocally in statutory text and will not be implied." United States v. Bein, 214 F.3d 408, 413 (3d Cir. 2000) (citing Lane v. Pena, 518 U.S. 187, 192 (1996)).

Although the federal government has waived its sovereign immunity for the purposes of tax refund suits pursuant to 28 U.S.C. § 1346(a)(1), such waiver is conditioned upon the taxpayer meeting several prerequisites. See 26 U.S.C. § 7422(a). Before a district court may assert jurisdiction over the federal government for a taxpayer refund suit, the taxpayer must first meet certain requirements. Title 26, Section 7422(a) of the United States Code provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a).[5]

---

[5]Title 26 of the United States Code, Section 6511(b)(1) prohibits a taxpayer from recovering any refund or credit unless the taxpayer properly files an administrative claim within the proscribed statutory period, in accordance with 26 U.S.C. § 6511(a). Here, Plaintiffs have not come forward with evidence which shows that Plaintiffs properly filed an administrative claim for a tax refund for taxes paid for 1999. Title 26, Section 7422(a) of the United States Code then determines whether Plaintiffs are able to assert a waiver of the government's sovereign

The Court has previously determined that the document submitted by Plaintiffs as evidence of an administrative claim for refund of taxes paid in 1999 is incomplete in substance and form, and thus does not constitute a proper claim for refund as contemplated by 26 U.S.C. § 7422(a). Accordingly, Plaintiffs' claim for refund of taxes paid in 1999 is DISMISSED without prejudice for lack of jurisdiction over Defendant.[6]

In Plaintiffs' second opposition to the motion to dismiss[7], Plaintiffs assert that they properly filed an administrative claim for refund of taxes paid in 1999 on February 23, 2005 and that as of August 23, 2005, the IRS had not acted upon such claim. (Pl. Br. Opp'n at 1). Plaintiffs appear to assert the February 23, 2005 claim as evidence that they meet the jurisdictional requirements of 26 U.S.C. § 7422 for their tax refund claim. However, the Court has reviewed such claim and determines that it is not an administrative claim for refund of *taxes* paid. Rather, it is a claim for a refund of *interest* paid with respect to 1999. (Pl. Br. Opp'n, Attach. 4). Further, pursuant to 26 U.S.C. § 6404(h)(1), after the Secretary of the IRS denies a taxpayer's claim for abatement of interest, the taxpayer must pursue his or her claim in the Tax Court, not the District Court. Plaintiffs have not pointed to any provision of the United States Code which bestows jurisdiction on this Court for their interest refund claim. Accordingly, this Court finds that it is without jurisdiction for Plaintiffs' interest refund claim which alleges an erroneous calculation of interest. Such claim is hereby DISMISSED with prejudice.

**D.    February 2006 Claim for Tax Refund**

In conjunction with Plaintiffs' third improper opposition brief to Defendant's motion, Plaintiffs attached part of a document which appears to constitute a proper claim for refund of certain taxes paid in 1999. However, the attached document appears incomplete and is dated February 23, 2006, which is more than five months after Plaintiffs filed the instant Complaint. The claim requests a refund of $45,823 based on Plaintiffs' 1999 tax payment, which Plaintiffs allege was finalized on December 8, 2004. Since this document was submitted after Defendant's motion, it does not affect the Court's present analysis. As stated supra, the Court dismisses the entire Complaint, yet dismisses Plaintiffs' 1999 tax refund claim without prejudice. In light of what appears to be an administrative claim filed on February 23, 2006 seeking the refund of taxes

---

immunity.

[6]This decision shall not be construed as a determination on the merits of Defendant's remaining arguments.

[7]The Court notes that Plaintiff submitted multiple improper sur-replies without leave from the Court. However, due to Plaintiff's pro se status and the need to piece together a complete administrative record for the tax years 1998 and 1999, the Court will consider such submissions to the extent that they attach relevant tax documents. However, the Court advises Plaintiff that the Court will not consider such improper submissions in the future and such submissions will be immediately stricken.

paid in 1999, and the possibility that this Court may be able to assert jurisdiction over such refund claim, this Court will permit Plaintiffs to amend the Complaint to state a claim for a tax refund claim for the year 1999.[8]

## CONCLUSION

For the foregoing reasons, it is on this 19th day of June, 2006,

**ORDERED** that the Report and Recommendation of Judge Hedges dated May 4, 2006 is ADOPTED to the extent that it dismisses Plaintiffs' claims arising out of taxes filed for the year 1998 with prejudice; and it is further

**ORDERED** that Plaintiff's claims arising out of taxes filed for the year 1998 are hereby DISMISSED WITH PREJUDICE; and it is further

**ORDERED** that the Report and Recommendation of Judge Hedges dated May 4, 2006 is REJECTED to the extent that it dismisses Plaintiffs' claims arising out of taxes filed for the year 1999 with prejudice; and it is further

**ORDERED** that Plaintiff's claim for a refund of interest paid for tax year 1999 is hereby DISMISSED WITH PREJUDICE; and it is further

**ORDERED** that Plaintiff's claim for a refund of taxes paid for tax year 1999 is hereby DISMISSED WITHOUT PREJUDICE; and it is further

**ORDERED** that Defendant's Motion to Dismiss [Docket # 2] is GRANTED; and it is further

**ORDERED** that Xiaoling Chen be added as a Plaintiff in this matter; and it is further

**ORDERED** that Plaintiffs are granted permission to amend the Complaint to re-state a claim for refund of taxes paid for tax year 1999, and to reflect the administrative claim allegedly filed on February 23, 2006; and it is further

**ORDERED** that such amendment shall be made on or before **July 7, 2006**; and it is further

**ORDERED** that Plaintiffs, in conjunction with amendment of the Complaint, shall also submit to the Court a complete record of such administrative claim, the basis for such claim, and any financial or tax documents pertaining thereto, for the purpose of determining this Court's

---

[8] For these reasons, the Court declines to reach the merits of Defendant's arguments pertaining to the administrative claim allegedly filed on February 23, 2006.

jurisdiction over this matter, and the Court hereby informs Plaintiffs that failure to submit the requested materials on or before July 7, 2006 shall result in dismissal of the Complaint with prejudice; and it is further

**ORDERED** that Plaintiffs' amended Complaint shall name the United States of America as the Defendant and Plaintiffs shall properly serve any amended Complaint on such Defendant in accordance with the Federal Rules of Civil Procedure.

      /s/ Jose L. Linares
United States District Judge