NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID CHENYAO and XIAOLING CHEN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | Civil Action No.: 05-4307 (JLL) ) ) |
| THE UNITED STATES OF AMERICA, | OPINION ) ) |
| Defendant. | ) ) |

**LINARES, District Judge.**

The instant matter comes before the Court on the October 3, 2007 motion of Defendant the United States of America ("Defendant" or "United States") for summary judgment on the claims of Plaintiffs David Chenyao ("Chenyao") and Xiaoling Chen ("Chen") (collectively "Plaintiffs"). For the reasons set forth herein, Defendant's motion for summary judgment is granted.

### INTRODUCTION

Plaintiffs, appearing pro se, filed the instant Complaint on September 1, 2005 seeking a refund of taxes paid in the years 1998 and 1999 and seeking a refund of interest paid for tax years 1998 and 1999. Plaintiffs alleged that their initial filings in 1998 and 1999 were correct because their receipt of green cards affected their taxpayer status, a change which was not taken into consideration by the IRS in its assessment of taxes owed for those years.

Defendant moved to dismiss the Complaint without prejudice on November 22, 2005.

After receiving a Report and Recommendation from Magistrate Judge Ronald J. Hedges on Defendant's motion, to which Chenyao objected, this Court dismissed the entirety of the 1998 claims and the 1999 claims for interest only with prejudice, but permitted Plaintiffs to file an amended complaint with respect to the 1999 taxes. Plaintiffs filed their Amended Complaint on July 10, 2006, and this Court ordered their case reopened on July 27, 2006. Plaintiffs limit their claim in the Amended Complaint to this statement: "The USA incorrectly charged $45,823 tax on our 1999 income affected by treaty." (Am. Compl. at 1.)

With respect to the year 1999, from the record it appears that Plaintiffs filed a 1999 income tax return on June 15, 2000. The return reflected $225,569 in personal services income. Plaintiffs received a refund of $17,443.44. The IRS audited Plaintiffs and assessed a proposed tax deficiency of $66,000. Plaintiffs made two deposits which equaled this amount. On February 14, 2005, the final deficiency was calculated in the amount of $55,124.86, a figure which included a tax deficiency of $45,823 and an interest deficiency of $9,301.86. The IRS alleges that it then refunded the balance of the $66,000 paid by Plaintiffs, with interest.

## DISCUSSION

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Prior to reaching the merits of a motion for summary judgment, however, this Court must address any extant issue of subject matter jurisdiction. Lance v. Coffman, 127 S.Ct. 1194, 1196 (2007). While the United States does not raise the absence of subject matter jurisdiction in its

motion for summary judgment, the Court notes that the issue of subject matter jurisdiction is both obvious from the face of the pleadings and the facts as laid forth on this motion by the United States and uncontested by the Plaintiffs.  (Order of J. Cecchi, Oct. 22, 2007; Ans. at 1.)

In a case brought by a taxpayer against the United States to recover tax assessed by the Internal Revenue Service (the "Service"), 28 U.S.C. § 1346 delineates the subject matter jurisdiction of this Court.  Freck v. Internal Revenue Service, 37 F.3d 986, 992 (3d Cir. 1994).  This section provides, in relevant part:

> (a) The district courts shall have original jurisdiction . . . of:
> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

28 U.S.C. § 1346; Freck, 37 F.3d at 993.  The United States Supreme Court has recently addressed § 1346's application in the tax context in United States v. Clintwood Elkhorn Mining Co., 128 S. Ct. 1511 (2008).  In Clintwood Elkhorn Mining Co., the Court found that a taxpayer must submit a claim for refund to the Service prior to filing suit in "any court" under I.R.C. § 7422(a) in order for a district court or the Court of Federal Claims to have jurisdiction under § 1346(a)(1).  128 S. Ct. at 1516, 1518-19 (addressing case filed in Court of Federal Claims).

Plaintiffs paid the deficiency assessed by the Service on their 1999 tax return in two installments, on December 24, 2002, and February 19, 2003.  See Richardson v. Smith, 301 F.2d 305, 305-06 (3d Cir. 1962) (payment effected upon receipt by Service in tolling argument); Service Nat. Corp. v. United States, 1994 WL 912143, at *16 (D. Del. Mar. 31, 1994)

(interpreting Richardson as stating that date of payment is tied to date money is received by Service); Am. Compl. at 4.  With regard to challenging their deficiency administratively before the Service, Plaintiffs did so, but by their own admission, that claim was not filed with the Service until February 23, 2006.  (Am. Compl. at 3.)  Plaintiffs thus filed their administrative claim more than five years after their 1999 return was filed (June 15, 2000) and more than three years after paying the deficiency assessed by the Service.  These lapses of time bar Plaintiffs from pursuing a refund on their 1999 deficiency under I.R.C. § 6511(a), which requires a taxpayer to file a claim for refund within three years of filing the return or within two years of paying the tax—respectively June 15, 2003 and February 19, 2005 in this case.

   The Supreme Court's recent decision in Clintwood Elkhorn Mining Co. compels this Court to find that it lacks subject matter jurisdiction over Plaintiffs' claims.  128 S. Ct. at 1516  As the Court itself said, "[t]he outcome here is clear given the language of the pertinent statutory provisions."  Id.  Where a taxpayer fails to file its claim for a refund with the Service within the appropriate time limits for filing suit under I.R.C. § 6511, the jurisdictional bar of I.R.C. § 7422(a) forecloses a suit by that taxpayer in any court.  128 S. Ct. at 1516; Comm'r v. Lundy, 516 U.S. 235, 240 (stating that § 7422 imposes a jurisdictional restriction).  Here, Plaintiffs failed to bring their administrative claim before the Service within either of the time periods imposed by I.R.C. § 6511, and therefore they may not pursue their claims in this Court, as subject matter jurisdiction is absent under 28 U.S.C. § 1346 and I.R.C. § 7422.  Given that this Court has no subject matter jurisdiction over this matter, and dismisses the Amended Complaint on this basis, the motion of Defendant for summary judgment is moot and is hereby dismissed.  See Wyeth and Cordis Corp. v. Abbot Labs., 2008 WL 2036805, at *2 (D.N.J. May 8, 2008) (noting

that dismissal for lack of jurisdiction renders remaining defenses moot).

## CONCLUSION

For the forgoing reasons, this Court dismisses Plaintiffs' Amended Complaint in its entirety. An appropriate Order accompanies this Opinion.


DATED: May 28, 2008                                  /s/ Jose L. Linares
                                                     United States District Judge