NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID CHENYAO and XIAOLING CHEN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) ) |

Civil Action No.: 05-4307 (JLL)

**OPINION**

**LINARES, District Judge.**

The instant matter comes before the Court on the June 25, 2008 motion of Plaintiffs David Chenyao ("Chenyao") and Xiaoling Chen ("Chen") (collectively "Plaintiffs") for reconsideration of this Court's summary judgment in favor of Defendant the United States of America (the "Government"). For the reasons set forth herein, Plaintiffs' motion for reconsideration is denied.

### INTRODUCTION

Plaintiffs, appearing pro se, filed the instant Complaint on September 1, 2005 seeking a refund of taxes paid in the years 1998 and 1999 and seeking a refund of interest paid for tax years 1998 and 1999. Plaintiffs alleged that their initial filings in 1998 and 1999 were correct because their receipt of green cards affected their taxpayer status, a change which was not taken into consideration by the IRS in its assessment of taxes owed for those years.

Defendant moved to dismiss the Complaint without prejudice on November 22, 2005,

which resulted in dismissal with prejudice of all of Plaintiffs' claims except for the challenge to the 1999 taxes, for which Plaintiffs were permitted to amend their complaint. Following amendment of their complaint, the Government moved for summary judgment, whereon this Court found that it lacked subject matter jurisdiction over the Amended Complaint and dismissed it in its entirety.

## DISCUSSION

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion with the Court to alter or amend a judgment within ten days of the entry of the judgment. Local Civil Rule 7.1(i) states that a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" may be filed within ten business days after entry of an order. Local Civ. R. 7.1(i).[1] Reconsideration, however, is an extraordinary remedy and should be granted "very sparingly." See Local Civ. R. 7.1(i) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)). The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

There are three grounds for granting a motion for reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. See,

---

[1] This rule was previously Local Civil Rule 7.1(g).

e.g., Carmichael v. Everson, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); Brackett v. Ashcroft, No. Civ. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003).

Plaintiffs move for reconsideration based upon a single ground: that this Court misidentified the deficiency assessed date under I.R.C. § 6511. (Pl. Br.) Plaintiffs argue that February 14, 2005 was the correct date to use in determining the time that a deficiency was assessed, and that this Court instead used February 19, 2003. (Id.)

As an initial matter, this Court notes that Plaintiffs filed their motion for reconsideration well after the ten-day window permitted by the Local Rules. Local Civ. R. 7.1(i). In light of Plaintiffs' pro se status, however, some discussion of the merits is warranted.

The Internal Revenue Code sets limits on how long a taxpayer may delay in seeking a refund of overpaid taxes:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

I.R.C. § 6511(a). Plaintiffs seek the refund of a tax on which they were required to file a return, and were therefore required to file a "[c]laim for credit or refund" within three years of filing the return or two years of paying the tax. Id. Section 6511 gives the taxpayer the benefit of the later of the two dates. Plaintiffs filed their return on June 15, 2000. They paid their taxes in full for that year in several installments, the latest of which was February 19, 2003. Under the timing calculation required by § 6511(a), therefore, Plaintiffs had until February 19, 2005 to seek a credit or refund from the Internal Revenue Service (the "I.R.S."). The regulations promulgated

pursuant to § 6511 are specific about the bar on late claims: "[u]nless a claim for credit or refund of an overpayment is filed within the period of limitation prescribed in section 6511(a), no credit or refund shall be allowed or made after the expiration of such period." Treas. Reg. § 301.6511(b)-1(a).  The Supreme Court has recently held, additionally, that failure to submit a timely administrative claim to the I.R.S. acts as a bar to filing suit in federal court.  United States v. Clinton Elkhorn Mining Co., 128 S. Ct. 1511, 1520 (2008).

The issue before the Court is not, as Plaintiffs attest, when the deficiency was assessed by the Internal Revenue Service.  Section 6511 operates based on three dates: the date of filing the initial return, the date of payment, and the date that the taxpayer submitted its administrative claim to the I.R.S.  As noted supra, Plaintiffs had until February 19, 2005 to file their administrative claim for a refund.  In its previous opinion, this Court found that Plaintiffs filed their administrative claim on Feburary 23, 2006, and Plaintiffs agree that this date is correct in their latest filing.  (Op. of May 28, 2008 at 4; Pl. Br.)  February 23, 2006 is more than one year after the latest date when they could have filed their administrative claim under § 6511, and therefore their claim is barred.  Clinton Elkhorn Mining Co., 128 S. Ct. at 1520.

Plaintiffs's argument that they could not have paid the tax until the deficiency was assessed by the I.R.S. is not supported under the applicable precedent of this Circuit.  (Pl. Br.)  When determining the when the time period for obtaining a refund begins, the date upon which the collector receives the payment is the date of payment regardless of whether the actual amount of the tax owed has been finalized.  Richardson v. Smith, 301 F.2d 305, 305-05 (3d Cir. 1962).  Plaintiffs' motion for reconsideration is, therefore, denied.

4

## CONCLUSION

For the forgoing reasons, this Court denies Plaintiff's motion for reconsideration. An appropriate Order accompanies this Opinion.


DATED: February 17, 2009                          /s/ Jose L. Linares
                                                  United States District Judge